(Official Form 1) (12/03)

| FORM B1 | United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Vertical Technologies, Inc.** | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all):<br>**36-4377351** | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**1 Douglas Avenue**<br>**Elgin, Illinois  60120** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:   **Kane** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

- ☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box) | |
|---|---|---|---|
| ☐ Individual<br>☑ Corporation<br>☐ Partnership<br>☐ Other _____ | ☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank | ☑ Chapter 7       ☐ Chapter 11       ☐ Chapter 13<br>☐ Chapter 9       ☐ Chapter 12<br>☐ Sec. 304 - Case ancillary to foreign proceeding | |

| **Nature of Debts** (Check one box) | **Filing Fee** (Check one box) |
|---|---|
| ☐ Consumer/Non-Business          ☑ Business | ☑ Full Filing Fee Attached |
| **Chapter 11 Small Business** (Check all boxes that apply)<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101<br>☐ Debtor is and elects to be considered a small business under<br>  11 U.S.C. § 1121(e) (Optional) | ☐ Filing Fee to be paid in installments (Applicable to individuals only)<br>  Must attach signed application for the court's consideration certifying<br>  that the debtor is unable to pay fee except in installments.<br>  Rule 1006(b). See Official Form No. 3. |

**Statistical/Administrative Information**  (Estimates only)

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to<br>$50,000 | $50,000 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million |
|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to<br>$50,000 | $50,000 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million |
|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ |

```
U.S. Bankruptcy Court
Northern District Of Illinois
Filed: 03/01/2004
Time: 16:07:42
Debtor: VERTICAL TECHNOLOGIES,
Case: 04-07885     Fee : 209
Chapter: 7 Rec. # : 3065427
Judge: Initials MB
341 mtg: 04/08/2004 @ 01:30PM
Trustee: JOSEPH VOILAND
```



1:04BK07885-BK001

(Official Form 1) (12/03)                                                                                    FORM B1, Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s): **Vertical Technologies, Inc.** |
|---|---|

### Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)

| Location<br>Where Filed:    **NONE** | Case Number: | Date Filed: |
|---|---|---|

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:<br>**NONE** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X   **Not Applicable**
Signature of Debtor

X   **Not Applicable**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

Date

X _____ *Signature of Attorney*
Signature of Attorney for Debtor(s)

**David R. Herzog, 01203681**
Printed Name of Attorney for Debtor(s) / Bar No.

**Herzog & Schwartz, P.C.**
Firm Name

**77 West Washington Street  Suite 1717**
Address

**Chicago, Illinois  60602**

**312-977-1600                    312-977-9936**
Telephone Number

2-19-04
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

*Steven M. Burns*
Printed Name of Authorized Individual

*President*
Title of Authorized Individual

2-19-04
Date

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X   **Not Applicable**
Signature of Attorney for Debtor(s)          Date

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

**Not Applicable**
Printed Name of Bankruptcy Petition Preparer

Social Security Number (Required by 11 U.S.C. § 110(c).)

Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X   **Not Applicable**
Signature of Bankruptcy Petition Preparer

Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

# United States Bankruptcy Court

## Northern District of Illinois

In re:

**Vertical Technologies, Inc.**

Case No. _____

Chapter    7

# STATEMENT REGARDING AUTHORITY TO SIGN AND FILE PETITION

I, , declare under penalty of perjury that I am the  of **Vertical Technologies, Inc.,** a  Corporation and that on  the following resolution was duly adopted by the  of this Corporation:

"Whereas, it is in the best interest of this Corporation to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 7 of Title 11 of the United States Code;

Be It Therefore Resolved, that , of this Corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a Chapter 7 voluntary bankruptcy case on behalf of the Corporation; and

Be It Further Resolved, that , of this Corporation, is authorized and directed to appear in all bankruptcy proceedings on behalf of the Corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Corporation in connection with such bankruptcy case; and

Be It Further Resolved, that , of this Corporation, is authorized and directed to employ **David R. Herzog**, attorney and the law firm of **Herzog & Schwartz, P.C.** to represent the Corporation in such bankruptcy case."

Executed on:  2-19-04

Signed:  _(signature)_

FORM B6A
(6/90)

In re: **Vertical Technologies, Inc.** _____,   Case No. _____
                    **Debtor**                                                              (If known)

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| | | | | |

Total   ➤   | 0.00 |

(Report also on Summary of Schedules.)

FORM B6B
(10/89)

In re  **Vertical Technologies, Inc.**                                                    Case No. _____
_____
Debtor                                                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |

FORM B6B
(10/89)

In re **Vertical Technologies, Inc.**                                    ,   **Case No.** _____
        Debtor                                                                (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Accounts receivable. | | **Receivable due from Dealer Technologies** | | **341,945.00** |
| 15. Accounts receivable. | | **Receivable due from The Paper Tigers, Inc.** | | **7,000.00** |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |

FORM B6B
(10/89)

In re  **Vertical Technologies, Inc.** _____   Case No. _____
                     Debtor                                                      (if known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 30. Crops - growing or harvested.  Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed.  Itemize. | X | | | |

_2_   continuation sheets attached        Total  ➤   **$ 348,945.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

FORM B6D
(12/03)

In re: **Vertical Technologies, Inc.**                                         Case No. _____
　　　　　　　　Debtor                                                                              (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>**Fifth Third Bank**<br>**c/o Steven J. Messerschmidt**<br>**1851 West Galena Boulevard**<br>**Aurora, Illinois  60506** | | | **Security interest in receivables**<br><br>**VALUE $0.00** | | | | 136,100.02 | 136,100.02 |
| ACCOUNT NO.<br><br>**Harris Bank**<br>**1951 South Plum Grove Road**<br>**Palatine, Illinois  60067**<br>**Attn: Bill Mustafa** | | | **Security interest in receivables**<br><br>**VALUE $0.00** | | | | 131,000.00 | 0.00 |

0 Continuation sheets attached

| | |
|---|---|
| Subtotal ➤<br>(Total of this page) | **$267,100.02** |
| Total ➤<br>(Use only on last page) | **$267,100.02** |

(Report total also on Summary of Schedules)

Form B6E
(12/03)

In re **Vertical Technologies, Inc.** Case No.
_____
Debtor (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**    (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**

Claims of individuals up to $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Other Priority Debts**

* Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

1  Continuation sheets attached

Form B6E - Cont.
(12/03)

In re  **Vertical Technologies, Inc.**                                          ,    Case No. _____
          Debtor                                                                          (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |

Sheet no. 1 of 1 sheets attached to Schedule of Creditors Holding Priority Claims

Subtotal ➤
(Total of this page)                                      **$0.00**

Total ➤
**(Use only on last page of the completed Schedule E.)**      **$0.00**
(Report total also on Summary of Schedules)

Form B6F (12/03)

In re  **Vertical Technologies, Inc.** _____  . Case No. _____
                          Debtor                                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   8476977100 <br><br> Ameritech <br> 225 W. Randolph <br> Floor 27A <br> Chicago, Illinois  60606 | | | | | | | 457.00 |
| ACCOUNT NO.   03070246 <br><br> Cisco Systems Capital Corp. <br> Suite 725 <br> 5500 Wayzata Boulevard <br> Golden Valley, MN  55416-1244 | | | | | | | 32,658.08 |
| ACCOUNT NO.   4251131034 <br><br> ComEd <br> Bill Payment Center <br> Chicago, Illinois  60668 | | | Electric Service | | | | 1,814.69 |
| ACCOUNT NO. <br><br> Crown Financial Group, Inc. <br> 215 N. Arlington Heights Road <br> Suite 201 <br> Arlington Heights, IL  60004 | | | | | | | 22,452.58 |
| ACCOUNT NO.   0016044177 <br><br> Dell <br> Dept 57 <br> P.O. Box 9020 <br> Des Moines, IA  50368-9020 | | | | | | | 4,451.13 |

 5   Continuation sheets attached

Subtotal    ➤           $61,833.48

Total    ➤

Form B6F - Cont.
(12/03)

In re  **Vertical Technologies, Inc.** _____ ,  Case No. _____
                           Debtor                                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   009-1948147-001 | | | | | | | 11,843.52 |
| **Dell Equipment** **c/o Valentine & Kebartas, Inc.** **P.O. Box 325** **Lawrence, MA  01842** | | | Monies owed on lease equipment returned February 2003 | | | | |
| ACCOUNT NO.   009-1948147-001 | | | | | | | 11,843.52 |
| **Dell Financial** **c/o Valentine & Kebartas, Inc.** **P.O. 325** **Lawrence, CA  01842** | | | | | | | |
| ACCOUNT NO. | | | | | | | 39,895.03 |
| **Dell Marketing** **c/o Michael Z. Stern** **515 Congress Avenue** **Suite 2000** **Austin, TX  78701** | | | | | | | |
| ACCOUNT NO. | | | | | | | 5,000.00 |
| **Elgin Incentive Program** **City of Elgin** **150 Dexter Court** **Elgin, Illinois  60120** | | | | | | | |
| ACCOUNT NO.   3627328 | | | | | | | 772.88 |
| **GE Consumer Finance** **c/o Client Services** **3451 Harry S. Truman Boulevard** **St. Charles, MO  63301** | | | | | | | |

Sheet no. _1_ of _5_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal  ➤
(Total of this page)

Total  ➤
(Use only on last page of the completed Schedule F.)

| $69,354.95 |
|---|
| |

Form B6F - Cont.
(12/03)

In re  **Vertical Technologies, Inc.**                                      , Case No. _____
                          Debtor                                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Highkey Consulting, Inc.<br>7609 Brookside Drive<br>Hanover Park, IL  60133 | | | | | | | 19,705.50 |
| ACCOUNT NO.  3627328<br><br>Home Depot<br>Client Services<br>3451 Harry S. Truman Blvd.<br>St. Charles, MO  63301 | | | | | | | 772.88 |
| ACCOUNT NO.<br><br>James F. Dunneback<br>14535 John Humphrey Drive<br>Suite 101<br>Orland Park, Illinois  60462 | | | Attorneys Fee | | | | 292.50 |
| ACCOUNT NO.<br><br>Jevic Transport<br>c/o Levy Diamond Bello<br>P.O. Box 352<br>Milford, CT  06460 | | | | | | | 89.01 |
| ACCOUNT NO.<br><br>Lisa Strama<br>1770 S. Randall Road<br>Suite A - #168<br>Geneva, IL  60134 | | | Loan to corp by shareholder | | | | 54,000.00 |

Sheet no.  2  of  5  continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

|  | Subtotal ➤ | $74,859.89 |
|---|---|---|
|  | (Total of this page) | |
|  | Total ➤ | |
|  | (Use only on last page of the completed Schedule F.) | |

Form B6F - Cont.
(12/03)

In re  **Vertical Technologies, Inc.**                                      , Case No. _____
                        Debtor                                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**MarKur Development**<br>P.O. Box 671<br>Elgin, IL  60120<br>Attn: Kurt Kresmery | | | **Unpaid rent** | | | | 24,000.00 |
| ACCOUNT NO.  9150159622<br>**MCI**<br>20855 Stone Oak Parkway<br>San Antonio, TX  78258 | | | | | | | 4,960.00 |
| ACCOUNT NO.  15107745<br>**Nicor**<br>c/o NCO Financial<br>P.O. Box 6489<br>Baltimore, MD  21230 | | | | | | | 1,993.24 |
| ACCOUNT NO.  6011568200755031<br>**Office Depot**<br>P.O. Box 9020<br>Des Moines, IA  50368-9020 | | | | | | | 42.54 |
| ACCOUNT NO.<br>**Robert Half International**<br>c/o William G. Schur<br>111 West Washington Street<br>Suite 737<br>Chicago, Illinois  60602 | | | | | | | 4,026.01 |

Sheet no. _3_ of _5_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ (Total of this page)  $35,021.79

Total ➤ (Use only on last page of the completed Schedule F.)

Form B6F - Cont.
(12/03)

In re __Vertical Technologies, Inc._____,    Case No. _____
                        Debtor                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> **Robert Strama** <br> 1770 S. Randall Road <br> Suite A - #168 <br> Geneva, IL 60134 | | | Loan from shareholder to corp. | | | | 18,000.00 |
| ACCOUNT NO. <br> **SBC** <br> Bill Payment Center <br> Chicago, Illinois | | | | | | | 15,419.83 |
| ACCOUNT NO. 324103886 <br> **Sprint** <br> P.O. Box 650270 <br> Dallas, TX 75265-0270 | | | Long distance service | | | | 68.04 |
| ACCOUNT NO. <br> **Steven Burns** <br> 1770 S. Randall Road <br> Suite A - #168 <br> Geneva, IL 60134 | | | Loan to corp from shareholder | | | | 15,500.00 |
| ACCOUNT NO. <br> **Tsainet Technology** <br> 615 Littleton Trail <br> Elgin, IL 60120 | | | | | | | 14,235.00 |

Sheet no. _4_ of _5_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ (Total of this page)

Total ➤
(Use only on last page of the completed Schedule F.)

$63,222.87

Form B6F - Cont.
(12/03)

In re  **Vertical Technologies, Inc.** _____,  Case No. _____
         Debtor                                                                                        (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **948T29** <br><br> **UPS** <br> **P.O. Box 650580** <br> **Dallas, TX 75265-0580** | | | Invoice | | | | 6,810.50 |
| ACCOUNT NO.  **9150159622** <br><br> **Worldcom PT** <br> **P.O. Box 96022** <br> **Charlotte, NC  28296** | | | | | | | 4,960.00 |
| ACCOUNT NO.  **9150180660** <br><br> **Worldcom T1** <br> **P.O. Box 96022** <br> **Charlotte, NC  28296** | | | | | | | 5,000.00 |

Sheet no. _5_ of _5_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ (Total of this page)  | $16,770.50 |

Total ➤ (Use only on last page of the completed Schedule F.)  | $321,063.48 |

(Report also on Summary of Schedules)

Form B6G
(10/89)

In re:  **Vertical Technologies, Inc.** _____,    Case No. _____
                     Debtor                                                                              (If known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

B6H
(6/90)

In re: **Vertical Technologies, Inc.**                                                 ,   **Case No.** _____
                    **Debtor**                                                                              **(If known)**

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

Form B6

(6/90)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Vertical Technologies, Inc.**

Case No.

Chapter   **7**

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 0.00 | | |
| B - Personal Property | YES | 3 | $ 348,945.00 | | |
| C - Property Claimed as Exempt | NO | | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 267,100.02 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 6 | | $ 321,063.48 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | NO | 0 | | | $ |
| J - Current Expenditures of Individual Debtor(s) | NO | 0 | | | $ |
| Total Number of sheets in ALL Schedules ➤ | | 15 | | | |
| Total Assets ➤ | | | $ 348,945.00 | | |
| Total Liabilities ➤ | | | | $ 588,163.50 | |

Official Form 6 - Cont .
(12/03)

In re: **Vertical Technologies, Inc.**                                        Case No. _____
_____ .
                        Debtor                                                                    **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

(NOT  APPLICABLE)

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the ___President___ of the <u>Corporation</u> named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **13** _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.       (Total shown on summary page plus 1.)

Date  ___2-19-04_____                    Signature: _____
                                                                                    _____

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

David R. Herzog  01203681
Herzog & Schwartz, P.C.
77 West Washington Street
Suite 1717
Chicago, Illinois  60602

312-977-1600
Attorney for the Petitioner(s)

# UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois

In Re:
Debtor:  **Vertical Technologies, Inc.**
Social Security Number:  36-4377351

Case No:

Chapter **7**

Numbered Listing of Creditors

| Creditor name and mailing address | Category of Claim | Amount of Claim |
|---|---|---|
| 1. **Ameritech**<br>**225 W. Randolph**<br>**Floor 27A**<br>**Chicago, Illinois  60606** | **Unsecured Claims** | **$    457.00** |
| 2. **Cisco Systems Capital Corp.**<br>**Suite 725**<br>**5500 Wayzata Boulevard**<br>**Golden Valley, MN  55416-1244** | **Unsecured Claims** | **$ 32,658.08** |
| 3. **ComEd**<br>**Bill Payment Center**<br>**Chicago, Illinois  60668** | **Unsecured Claims** | **$   1,814.69** |
| 4. **Crown Financial Group, Inc.**<br>**215 N. Arlington Heights Road**<br>**Suite 201**<br>**Arlington Heights, IL  60004** | **Unsecured Claims** | **$ 22,452.58** |
| 5. **Dell**<br>**Dept 57**<br>**P.O. Box 9020**<br>**Des Moines, IA  50368-9020** | **Unsecured Claims** | **$   4,451.13** |

In re:   **Vertical Technologies, Inc.**                          Case No. _____

| 6. | **Dell Equipment**<br>**c/o Valentine & Kebartas, Inc.**<br>**P.O. Box 325**<br>**Lawrence, MA 01842** | **Unsecured Claims** | **$ 11,843.52** |
|---|---|---|---|
| 7. | **Dell Financial**<br>**c/o Valentine & Kebartas, Inc.**<br>**P.O. 325**<br>**Lawrence, CA 01842** | **Unsecured Claims** | **$ 11,843.52** |
| 8. | **Dell Marketing**<br>**c/o Michael Z. Stern**<br>**515 Congress Avenue**<br>**Suite 2000**<br>**Austin, TX 78701** | **Unsecured Claims** | **$ 39,895.03** |
| 9. | **Elgin Incentive Program**<br>**City of Elgin**<br>**150 Dexter Court**<br>**Elgin, Illinois 60120** | **Unsecured Claims** | **$ 5,000.00** |
| 10. | **Fifth Third Bank**<br>**c/o Steven J. Messerschmidt**<br>**1851 West Galena Boulevard**<br>**Aurora, Illinois 60506** | **Secured Claims** | **$ 136,100.02** |
| 11. | **GE Consumer Finance**<br>**c/o Client Services**<br>**3451 Harry S. Truman Boulevard**<br>**St. Charles, MO 63301** | **Unsecured Claims** | **$ 772.88** |
| 12. | **Harris Bank**<br>**1951 South Plum Grove Road**<br>**Palatine, Illinois 60067**<br>**Attn: Bill Mustafa** | **Secured Claims** | **$ 131,000.00** |
| 13. | **Highkey Consulting, Inc.**<br>**7609 Brookside Drive**<br>**Hanover Park, IL 60133** | **Unsecured Claims** | **$ 19,705.50** |
| 14. | **Home Depot**<br>**Client Services**<br>**3451 Harry S. Truman Blvd.**<br>**St. Charles, MO 63301** | **Unsecured Claims** | **$ 772.88** |

In re:   **Vertical Technologies, Inc.**

Case No. _____

| 15. | James F. Dunneback<br>14535 John Humphrey Drive<br>Suite 101<br>Orland Park, Illinois 60462 | Unsecured Claims | $ 292.50 |
|---|---|---|---|
| 16. | Jevic Transport<br>c/o Levy Diamond Bello<br>P.O. Box 352<br>Milford, CT 06460 | Unsecured Claims | $ 89.01 |
| 17. | Lisa Strama<br>1770 S. Randall Road<br>Suite A - #168<br>Geneva, IL 60134 | Unsecured Claims | $ 54,000.00 |
| 18. | MarKur Development<br>P.O. Box 671<br>Elgin, IL 60120<br>Attn: Kurt Kresmery | Unsecured Claims | $ 24,000.00 |
| 19. | MCI<br>20855 Stone Oak Parkway<br>San Antonio, TX 78258 | Unsecured Claims | $ 4,960.00 |
| 20. | Nicor<br>c/o NCO Financial<br>P.O. Box 6489<br>Baltimore, MD 21230 | Unsecured Claims | $ 1,993.24 |
| 21. | Office Depot<br>P.O. Box 9020<br>Des Moines, IA 50368-9020 | Unsecured Claims | $ 42.54 |
| 22. | Robert Half International<br>c/o William G. Schur<br>111 West Washington Street<br>Suite 737<br>Chicago, Illinois 60602 | Unsecured Claims | $ 4,026.01 |
| 23. | Robert Strama<br>1770 S. Randall Road<br>Suite A - #168<br>Geneva, IL 60134 | Unsecured Claims | $ 18,000.00 |

In re:   **Vertical Technologies, Inc.**                                        Case No. _____

| | | | |
|---|---|---|---|
| 24. | **SBC**<br>**Bill Payment Center**<br>**Chicago, Illinois** | **Unsecured Claims** | **$ 15,419.83** |
| 25. | **Sprint**<br>**P.O. Box 650270**<br>**Dallas, TX  75265-0270** | **Unsecured Claims** | **$     68.04** |
| 26. | **Steven Burns**<br>**1770 S. Randall Road**<br>**Suite A - #168**<br>**Geneva, IL  60134** | **Unsecured Claims** | **$ 15,500.00** |
| 27. | **Tsainet Technology**<br>**615 Littleton Trail**<br>**Elgin, IL  60120** | **Unsecured Claims** | **$ 14,235.00** |
| 28. | **UPS**<br>**P.O. Box 650580**<br>**Dallas, TX 75265-0580** | **Unsecured Claims** | **$  6,810.50** |
| 29. | **Worldcom PT**<br>**P.O. Box 96022**<br>**Charlotte, NC  28296** | **Unsecured Claims** | **$  4,960.00** |
| 30. | **Worldcom T1**<br>**P.O. Box 96022**<br>**Charlotte, NC  28296** | **Unsecured Claims** | **$  5,000.00** |

In re:  **Vertical Technologies, Inc.**                                    Case No. _____

(The penalty for making a false statement or concealing property is a fine up to $500,000 or
imprisonment for up to 5 years or both.  18 U.S.C. secs. 152 and 3571.)

# DECLARATION

I, **Vertical Technologies, Inc.**, named as debtor in this case, declare under penalty of perjury that I have read the
foregoing Numbered Listing of Creditors, consisting of **3 sheets** (not including this declaration), and that it is true to the
best of my information and belief.

Signature:   _____
             Vertical Technologies, Inc.

Dated:       _____
             2-19-04

Form 7
(12/03)

## UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois

In re:   **Vertical Technologies, Inc.**                    Case No. _____

**36-4377351**                                              Chapter     **7**

# STATEMENT OF FINANCIAL AFFAIRS

## 1.  Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 0.00 | **Operation of Business** | **2004** |

## 2.  Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

## 3.  Payments to creditors

None
☑

a.  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

b.  List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☑

a.  List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| | | | |

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| | | |

## 5. Repossessions, foreclosures and returns

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| | | |

## 6. Assignments and receiverships

None
☑

a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|
| | | |

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

## 7. Gifts

None
☑

    List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

## 8. Losses

None
☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

## 9. Payments related to debt counseling or bankruptcy

None
☑

    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 10. Other transfers

None
☑

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

## 11. Closed financial accounts

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of
the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding
the commencement of this case. Include checking, savings, or other financial accounts,
certificates of deposit, or other instruments; shares and share accounts held in banks, credit
unions, pension funds, cooperatives, associations, brokerage houses and other financial
institutions. (Married debtors filing under chapter 12 or chapter 13 must include information
concerning accounts or instruments held by or for either or both spouses whether or not a joint
petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

## 12. Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities,
cash, or other valuables within **one year** preceding the commencement of this case.
(Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either
or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor
within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12
or chapter 13 must include information concerning either or both spouses whether or not a joint
petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14. Property held for another person

None
☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15. Prior address of debtor

None
☑

If the debtor has moved within the **two years** immediately preceding the commencement of this
case, list all premises which the debtor occupied during that period and vacated prior to the
commencement of this case. If a joint petition is filed, report also any separate address of either
spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

## 16. Spouses and Former Spouses

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None
☑

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☑

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☑

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18. Nature, location and name of business

None
☑

a.     If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the  commencement of this case.

If the debtor is a partnership, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|----------------------|---------|--------------------|----------------------------|

b.     Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☑

| NAME | ADDRESS |
|------|---------|

## 19. Books, records and financial statements

None
☑

a.  List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------------------|-------------------------|

b.  List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None
☑

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------------------|-------------------------|

c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

None
☑

| NAME | ADDRESS |
|------|---------|

d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of this case by the debtor.

None
☑

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|

## 20. Inventories

None
☑

a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

b.  List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

None
☑

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

## 21.  Current Partners, Officers, Directors and Shareholders

None
☑

a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

None
☑

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

## 22.  Former partners, officers, directors and shareholders

None
☑

a.  If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

None
☑

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

## 23.  Withdrawals from a partnership or distributions by a corporation

None
☑

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 24. Tax Consolidation Group.

None
☑

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six -year period** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                    TAXPAYER IDENTIFICATION NUMBER

### 25. Pension Funds.

None
☑

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the **six-year period** immediately preceding the commencement of the case.

NAME OF PENSION FUND                    TAXPAYER IDENTIFICATION NUMBER

\* \* \* \* \* \*

*[If completed on behalf of a partnership or corporation]*

I, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  2-19-04                    Signature  _Steven M. Burns_

_Steven M. Burns, President_
*Print Name and Title*

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

**UNITED STATES BANKRUPTCY COURT**
**Northern District of Illinois**

In re:    **Vertical Technologies, Inc.**

Debtor

Case No. _____

Chapter    **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 5,000.00 |
| Prior to the filing of this statement I have received | $ | 5,000.00 |
| Balance Due | $ | 0.00 |

2. The source of compensation paid to me was:

   ☑ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☑ Debtor          ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a) Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b) Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c) Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d) [Other provisions as needed]
   **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

   **None**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: 3-1-04 _____

_____
**David R. Herzog, Bar No. 01203681**

**Herzog & Schwartz, P.C.**
Attorney for Debtor(s)